UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| GREGORY RYAN WEBB, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 2:24-cv-00040 |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, THE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gregory Ryan Webb filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). He paid the filing fee of $5.00. (Doc. No. 4). Respondent has filed a Motion to Dismiss the petition (Doc. No. 14), and Petitioner has filed several motions: a "Motion" (Doc. No. 17); a second "Motion" (Doc. No. 18); a "Motion to Direct Attorney General of Tennessee to File a Full Record" (Doc. No. 19); and a Motion to Seal Document (Doc. No. 20).

### I. PROCEDURAL HISTORY

The Cumberland County Grand Jury indicted Petitioner on one count of domestic assault, a Class A misdemeanor, after he was arrested for tossing his wife into the unfinished wall of their home's laundry room. State v. Webb, No. E2023-00464-CCA-R3-CD, 2023 WL 8233126, at *1, *3 (Tenn. Crim. App. Nov. 28, 2023). Following a jury trial, Petitioner was convicted as charged and taken into state custody on February 16, 2023. (Doc. No. 15-1). On March 20, 2023, the trial court sentenced Petitioner to eleven months and twenty-nine days at seventy-five percent service. (Doc. No. 15-2). See also Webb, 2023 WL 8233126 at *3. Petitioner then filed a motion for new trial, raising variations of the constitutional claims he raises in the instant petition. (Doc. No. 1-3 at PageID# 26-28). The trial court denied Petitioner's motion for new trial, and Petitioner

1

completed his sentence in the Cumberland County Jail. He was released from state custody on July 16, 2023. (Doc. No. 15-1). Petitioner's judgment of conviction required no post-release supervision or imposed any additional restrictions upon him. (Doc. No. 15-2).

Petitioner appealed. (Doc. No. 15-3). Finding no error, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction. Webb, 2023 WL 8233126 at *8. On February 13, 2024, the Tennessee Supreme Court denied further review. (Doc. No. 15-3). Petitioner did not file a post-conviction petition in state court following denial of his direct appeal.

Petitioner filed the instant petition for federal habeas relief under Section 2254 on May 13, 2024. (Doc. No. 1). By Order entered on July 11, 2024, the Court directed Respondent to file an answer accompanied by the complete state court record or, in lieu of an answer, a motion. (Doc. No. 12). Respondent then moved the Court to dismiss Petitioner's petition for lack of subject-matter jurisdiction. (Doc. Nos. 14, 15).

Before addressing Respondent's Motion to Dismiss the Section 2254 petition, the Court will address the motions filed by Petitioner.

## II. MOTIONS FILED BY PETITIONER

First, Petitioner filed a "Motion" in which he states that he has "been denied [an] attorney through[out] this entire process." (Doc. No. 17 at PageID# 181). It is unclear to which "process" Petitioner refers. To the extent that Petitioner asks the Court to reconsider its prior denial of Petitioner's request for the appointment of counsel (see Doc. No. 12 at PageID# 142-43), the Court declines to do so as Petitioner presents no new facts or circumstances warranting a reconsideration of that decision. However, in his "Motion," Petitioner also states that he "was denied effective assistance of counsel." (Id.) As best the Court can discern, Petitioner's "Motion" is meant to support his allegations of ineffective assistance of counsel, not to request reconsideration of the

Court's prior ruling. Given that the "Motion" does not request that the Court take action, it is **DENIED AS MOOT**.

Second, Petitioner filed another document entitled "Motion" (Doc. No. 18) in which he requests "an extension and/or continuance in concern to this case and in response to the order filed on 7/11/2024." (Doc. No. 18 at PageID# 185). After Petitioner filed this motion, however, he filed two additional motions. It appears that Petitioner is now prepared to proceed, and no continuance is desired. In any event, based on the Court's analysis below, no reply from Petitioner is necessary prior to the Court's disposition of this case. The motion is **DENIED**.

Next, Petitioner filed a "Motion to Direct Attorney General of Tennessee to File a Full Record." (Doc. No. 19). Petitioner points out that Respondent has not filed the full record as directed by the Court in its prior Order. Petitioner is correct that the Court ordered Respondent to "file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. See Habeas Rules 5(c) & (d)." (Doc. No. 12 at PageID# 146). However, the Court's Order also provided that, "[i]n lieu of an answer, Respondent may file a motion" and "Respondent need not file the complete state court record at the time of filing his or her motion." (Id. at PageID# 147).

And indeed, instead of filing an answer, Respondent filed a Motion to Dismiss the petition. (Doc. No. 14 at PageID#150 ). Thus, Respondent was not required to file the full state-court record. Respondent appropriately filed several exhibits to support the facts as set forth in its Motion to Dismiss. Petitioner's Motion (Doc. No. 19) is **DENIED**.

3

Finally, Petitioner has filed a Motion to Seal Document. (Doc. No. 20). The document at issue is a print-out of certain email correspondence between Petitioner and counsel for Respondent. (See Doc. No. 21). Local Rule 5.03 requires that any party requesting that documents or portions of documents be sealed must comply with Section 5.07 of Administrative Order No. 167-1 and Local Rule 7.01. These rules require the movant to file a motion for leave to file the document(s) under seal and to demonstrate "compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." Local Rule 5.03(a).

Although Plaintiff has filed the required motion, he has not made the requisite showing. His motion does not provide the required specificity or the factual and legal support for the request to seal. In any event, under these circumstances the Court is not inclined to make public the correspondence between opposing counsel and a pro se litigant. Thus, the Motion to Seal (Doc. No. 20) is **GRANTED**.

### III. MOTION TO DISMISS HABEAS PETITION

Respondent has filed a Motion to Dismiss Petitioner's Section 2254 petition for lack of subject-matter jurisdiction. (Doc. No. 14).

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1986). The court has a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Whenever it appears that such exercise might not be proper, "federal courts have an independent obligation to . . . raise and decide" the issue. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

4

Petitioner seeks federal habeas relief from this Court under 28 U.S.C. § 2254. Under Section 2254, federal habeas relief is available only to state prisoners who are "in custody pursuant to the judgment of a State court" at the time of filing. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional in nature, and courts have interpreted this language to require a petitioner to be in custody at the time of filing. Maleng v. Cook, 490 U.S. 488, 490 (1989); Hautzenroeder v. DeWine, 887 F.3d 737, 740 (6th Cir. 2018) ("This language is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it.").

"To satisfy the "in custody" requirement, persons seeking federal habeas relief must either be incarcerated or suffer some significant restraint on their civil liberties. Post-release constraints such as probation or parole can count as "custody" under Section 2254. See id. 490-91; In re Stansell, 828 F.3d 412, 416 (6th Cir. 2016). Maleng held that prisoners may satisfy the "in custody" requirement when incarcerated under a separate judgment but are under a detainer for the unexpired state court judgment that will be enforced upon completion of their current sentence. Id. at 493. However, a petitioner is not "in custody" under a conviction "whose sentence has fully expired at the time his petition is filed," even if "that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." Maleng, 490 U.S. at 491; see also Steverson v. Summers, 258 F.3d 520, 522-23 (6th Cir. 2001).

Here, Petitioner was neither incarcerated nor subject to ongoing restraints when he filed the instant federal habeas petition. Petitioner's state-court sentence had fully expired well before he filed his federal habeas petition. The court had ordered no ongoing supervision or further restraints. Nearly ten months passed between the expiration of Petitioner's sentence (when he was unconditionally released on July 16, 2023) and the filing of his federal habeas petition (which he filed on May 13, 2024). Thus, Petitioner was not "in custody" at the time of filing the instant

5

Section 2254 petition. See Reynolds v. Laurel Circuit Court, No. 18- 5473, 2018 WL 11301138 at *2 (6th Cir. Oct. 29, 2018) ("When the petitioner's sentence for a state conviction has fully expired, we lack subject matter jurisdiction to reconsider this conviction under § 2254 because the petitioner is no longer 'in custody' pursuant to that conviction.") (citing Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)); In re Lee, 880 F.3d 242, 243 (6th Cir. 2018) (per curiam) (dismissing habeas petition, holding "a district court may consider a prisoner's petition only if he files it while 'in custody' under the conviction or sentence under attack"). Consequently, the instant petition must be dismissed because the Court lacks jurisdiction.

Accordingly, Respondent's Motion to Dismiss (Doc. No. 14) is **GRANTED**. Petitioner's Section 2254 petition is **DISMISSED** in its entirety because the Court lacks the subject-matter jurisdiction necessary to review it.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because reasonable jurists could not disagree with the resolution of Petitioner's petition, the Court **DENIES** a Certificate of Appealability.

This Memorandum Opinion and Order constitutes final judgment in the action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE